UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE STRINGER, #199442,

    Plaintiff,                                    CIVIL ACTION NO. 11-10601

    v.                                          DISTRICT JUDGE THOMAS L. LUDINGTON

OFFICER LENNOX, and               MAGISTRATE JUDGE MARK A. RANDON
OFFICER FORD,

    Defendants.
    _____/

**REPORT AND RECOMMENDATION TO STRIKE AND DISMISS
PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE**

    Plaintiff, Dwayne Stringer ("Stringer"), is a prisoner in the custody of the Michigan Department of Corrections ("MDOC"), housed at the Gus Harrison Correctional Facility in Adrian, Michigan ("ARF"). He is currently a mental health patient enrolled in the Residential Treatment Program at ARF (Dkt. No. 15, ¶ 3). Stringer claims that, on February 15, 2011, another prisoner from the "legal writer program" filed a Complaint on Stringer's behalf alleging violations of his constitutional rights (*id*. at 2). The Complaint was not signed (Dkt. No. 1).

    On May 3, 2011, the defendants moved for summary judgment (Dkt. No. 10). In response, on June 29, 2011, an unnamed person claiming to be Stringer's "assistant" wrote a letter to the Court requesting that Stringer's Complaint be stricken and his pleading dismissed (Dkt. No. 13). After reviewing this letter, Stringer's Complaint and the defendants' motion, the undersigned ordered Stringer to file a signed copy of his Complaint on or before October 20, 2011 and any response to the defendants' motion on or before October 28, 2011 (Dkt. No. 14). Stringer did neither, instead

moving for voluntary dismissal of his lawsuit and requesting permission to proceed *in forma pauperis* ("IFP") in a new (replacement) case which he apparently intends to file (Dkt. No. 15). For the reasons indicated below, **IT IS RECOMMENDED** that Stringer's unsigned Complaint be stricken and his lawsuit **DISMISSED WITHOUT PREJUDICE**.

## ANALYSIS

It is well-established that a party appearing in federal court must proceed either through a licensed attorney or on his or her own behalf. *See* 28 U.S.C. § 1654; *see also* Fed. R. Civ. P. 11(a) ("[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's individual name,—or by a party personally if the party is unrepresented."). Where a pleading remains unsigned after being called to the attorney's or party's attention, the appropriate remedy is to strike the pleading. *Id*.

Here, Stringer has failed to sign the Complaint, even though the undersigned ordered him to do so or face potential dismissal of his lawsuit (Dkt. No. 14). Indeed, Stringer acknowledges the deficiency and asks the Court to dismiss his case. As to Stringer's request that he be allowed to proceed IFP in his new case, the undersigned recommends that he make an application to proceed without prepayment of the filing fee once his new case is filed. 28 U.S.C. § 1915(a)(1).

## CONCLUSION

For the reasons stated above **IT IS RECOMMENDED** that Stringer's Complaint be stricken and his lawsuit **DISMISSED WITHOUT PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a

waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

                                              s/Mark A. Randon  
                                              Mark A. Randon  
                                              United States Magistrate Judge

Dated:  November 10, 2011

### CERTIFICATE OF SERVICE

*I hereby certify that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on November 10, 2011.*

                                              *s/Melody R. Miles*  
                                              *Case Manager to Magistrate Judge Mark A. Randon*